UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMINATEH DIVINE ACHA,<br><br>　　　　Plaintiff<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity; JOSEPH B. EDLOW, Director of U.S. Citizenship and Immigration Services,<br><br>　　　　Defendants. | Case No: 1:25-cv-12582<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff, Aminateh Divine Acha, is a noncitizen from Cameroon who was unlawfully placed in expedited removal proceedings without adequate notice. Plaintiff's I-589, Application for Asylum, Withholding of Removal, and Relief under the Convention Against Torture Act was dismissed by the United States Citizenship and Immigration Services ("USCIS").

Plaintiff brings forth this action to challenge Defendants' failure to provide him with proper and sufficient notice of his expedited removal. In dismissing his asylum application and placing him in expedited removal proceedings, Defendants violated Plaintiff's due process rights, his right to apply for asylum, and the Administrative Procedure Act ("APA").

In support of this complaint, Plaintiff states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1651 (All Writs Act), and 5 U.S.C. §§ 701–706 (APA), and may grant declaratory relief under 28 U.S.C. §§ 2201–02.

2. Venue is proper in this District because Plaintiff physically resides within the District of Massachusetts; Plaintiff's asylum application was within the jurisdiction of the Boston Asylum Office, within the District of Massachusetts; and his upcoming ICE check in is in Burlington, Massachusetts, within the District of Massachusetts.

## PARTIES

3. Plaintiff is a noncitizen from Cameroon and a resident of Massachusetts.

4. Defendant Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"). She is named in her official capacity. Defendant Noem is responsible for DHS policies, practices and procedures, including those relating to the removal and detention noncitizens.

5. Defendant Joseph B. Edlow is the Acting Director of the United States Citizenship and Immigration Services ("USCIS"). He is named in his official capacity. Defendant Edlow is responsible for USCIS policies, practices, procedures, including those relating to the dismissal of applications.

## FACTUAL HISTORY

6. Plaintiff is citizen and national of Cameroon. He was forced to flee Cameroon after suffering arrest and severe torture by the Cameroonian military and government.

7. Plaintiff arrived in the United States on October 2, 2024, at the southern land border. He entered the United States without inspection in Arizona. After arriving in the United States on October 2, 2024, Plaintiff was ordered released on his own recognizance.

8. A Notice to Appear was never filed with the Immigration Court, so Plaintiff timely filed an affirmative asylum application with the Boston Asylum Office. Plaintiff complied with all United States laws and procedures, including regular ICE reporting.

9. In a notice dated June 11, 2025, the Department of Homeland Security, USCIS Asylum Vetting Center, issued a notice of dismissal of the Plaintiff's asylum application, stating that because the Plaintiff had been apprehended by DHS officials, placed in expedited removal, and issued a Form I-860, Notice and Order of Expedited Removal, the Asylum Office was unable to process his asylum application. This notice was received on July 14, 2025.

10. However, Plaintiff had never received a copy of Form I-860. The notice instructed that Plaintiff could request a Credible Fear Interview (CFI) by an asylum officer, which he promptly did, filing a CFI request on July 25, 2025.

11. Plaintiff has an upcoming ICE check-in on September 18, 2025.

## CLAIMS FOR RELIEF

### COUNT 1 –

**(Violation of the Due Process Clause of the Fifth Amendment)**

12. Plaintiff's right to substantive and procedural due process guaranteed by the Fifth Amendment of the United States Constitution were violated when he was placed in expedited removal proceedings without notice. The substantive component of the Due

Process Clause of the Fifth Amendment to the United States Constitution protects Petitioner's liberty interests.

13. The procedural component of the Due Process Clause of the Fifth Amendment to the United States Constitution prevents the Respondents from depriving Petitioner of liberty without procedural protections.

14. If Defendants detain Plaintiff at his upcoming ICE check-in, his due process rights would be further violated Plaintiff entered the United States in order to seek asylum, which he did. He was released on his own recognizance after crossing the border and has complied with all required procedures, including mandated check-ins with ICE. He has committed no criminal violations. Any effort to detain Plaintiff when he complies with ICE procedures by checking in this week would be a violation of his due process rights.

15. Upon information and belief, ICE has increasingly detained noncitizens at routine ICE check-ins. Given Plaintiff's upcoming check-in, he faces imminent risk of unlawful detention and further constitutional violations.

## COUNT 2 –

**(Violation of 8 U.S.C § 1158(a)(1))**

16. Under 8 U.S.C § 1158(a)(1), a noncitizen who is physically present in the United States has the right to apply for asylum. Because no Notice to Appear was ever filed in Immigration Court, Plaintiff properly filed his I-589 asylum application with USCIS.

17. Plaintiff's right to apply for asylum was violated when USCIS dismissed his I-589 application and leaving him without a forum to pursue asylum relief.

## COUNT 3 –

**(Violation of the Administrative Procedures Act, 5 U.S.C. § 706(2)(A))**

18. Under 5 U.S.C. § 706(2)(A) states that a reviewing court should hold that agency's action is unlawful and set aside an agency's action, where it is "arbitrary, capricious, and an abuse of discretion" ).  "An agency acts arbitrarily and capriciously when it offers inaccurate or unreasoned justifications for a decision." <u>Envt'l Def. Fund v. EPA</u>, 922 F.3d 446, 454 (D.C. Cir. 2019); see also <u>Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co</u>., 463 U.S. 29, 43 (1983).

19. USCIS clearly acted in an arbitrary manner when it unjustifiably dismissed Plaintiff's I-589 application because he had been placed in expedited removal proceedings. Plaintiff was never notified or informed that he was in expedited removal proceedings. The decision by USCIS and the Asylum Office to dismiss Plaintiff's timely and properly filed affirmative asylum application is unmistakably arbitrary.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court order the following relief:

(1) Accept jurisdiction over this action;

(2) Declare that Defendants' placement of Plaintiff in expedited removal proceedings violated the Fifth Amendment;

(3) Declare that the dismissal of Plaintiff's I-589 application was a violation of his Fifth Amendment Rights and the APA;

(4) Grant injunctive relief requiring that Plaintiff's I-589 application be reinstated with USCIS;

(5) Grant preliminary injunctive relief enjoining and restraining the Defendants and their agents from arresting or detaining Plaintiff;

(6) Grant other relief as the Court finds just, equitable, and proper.

Dated: 9/15/25                                                                                          Respectfully submitted,


*/s/ Robin N. Nice*


Robin Nice, Esq.

McHaffey & Nice, LLC

6 Beacon St., Suite 720

Boston, MA 02108

**CERTIFICATE OF SERVICE**

Counsel for Plaintiff certifies that they have submitted the foregoing complaint with the Clerk of Court for the District of Massachusetts, using the electronic case filing system of the Court. Counsel for Plaintiff hereby certifies that they have served all parties electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).


Dated: 9/15/25                                                                                          /s/ Robin Nice