UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMINATEH DIVINE ACHA, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity, and JOSEPH B. EDLOW, Director of U.S. Citizenship and Immigration Services, | ) ) ) ) ) ) ) ) | No. 25-cv-12582-JEK |
| Defendants. | ) ) | |

## ORDER CONCERNING SERVICE OF PETITION AND STAY OF DETENTION OR REMOVAL

**KOBICK, J.**

Plaintiff Aminateh Divine Acha has filed a complaint that, among other things, challenges his placement in expedited removal proceedings and the dismissal of his I-589 application. He has also filed a motion for a temporary restraining order that asks the Court to enjoin any agent of the defendants from detaining him or removing him pending consideration of his claims. Upon review of the motion, the Court hereby directs and orders as follows:

**1.    Service of Complaint and Motion.**

The clerk of this court shall serve a copy of the complaint and motion for a temporary restraining order upon the defendants and the United States Attorney for the District of Massachusetts.

In order to ensure that the relevant government officials have notice of this Order, the Clerk of Court is directed to serve a copy of this order on the United States Attorney for the

District of Massachusetts by attaching it to an e-mail sent to her government e-mail address. The e-mail address is set forth in an attachment to this order, which shall be filed separately under seal.

**2.     Response to Motion.**

Defendants shall respond to the motion for a temporary restraining order no later than September 19, 2025.

**3.     Jurisdiction.**

The plaintiff contends that the dismissal of his I-589 application and his placement in expedited removal proceedings violates his rights under the Due Process Clause of the Fifth Amendment to the United States Constitution and laws of the United States.

The protections of the Constitution apply to all persons within the jurisdiction of the United States, including citizens and non-citizens alike, and including those persons who are present in the United States without authorization. *See Plyler v. Doe*, 457 U.S. 202, 210 (1982) (noting that "[a]liens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments"). Further, the Court has inherent power to act to preserve the status quo in the near term. A federal court "always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). In order to give the court an opportunity to consider whether it has subject-matter jurisdiction over this action, and if so to determine whether the plaintiff is entitled to a temporary restraining order, the court may order defendant to preserve the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (ruling that "the District Court ha[s] the power to preserve existing conditions while it [is]

determining its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous). Such an order is valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the merits of the underlying action. *See id.* at 294-95. That principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *See United States v. Shipp*, 203 U.S. 563, 573 (1906).

**4.     Order.**

In order to provide an opportunity for a fair and orderly consideration of the motion and resolve any contested issues about jurisdiction, and unless otherwise ordered by the Court, it is hereby ORDERED as follows:

The plaintiff shall not be detained by the defendants or their agents, or removed from the United States, pending adjudication of the motion for a temporary restraining order.

Petitioner shall not be deported, removed, or otherwise transferred outside the United States until further Order of this Court.

A hearing on the plaintiff's motion for a temporary restraining order shall be held on September 22, 2025 at 3:00 p.m. in Courtroom 3.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Issued at Boston, Massachusetts
September 15, 2025
  3:10       p.m.